

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **SHEILA AGEE, MEICKI BAKER,** ) | |
| **CHARLES BROWN, TROY** ) | |
| **CHAPPELL AS ADMINISTRATOR** ) | |
| **OF THE ESTATE OF GLENDA** ) | |
| **SUE CHAPPELL, LEISA EADDY,** ) | **Case No.: 2:06-CV-926-VEH** |
| **ODESSA GRISSOM, MARSHA** ) | |
| **HOLLOWAY, PAULINE HUFF AS** ) | |
| **THE ADMINISTRATRIX OF THE** ) | |
| **ESTATE OF RICKIE HUFF,** ) | |
| **JACQUELINE POOLE, JOYCE** ) | |
| **REACH, JESSICA WHITTEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **PFIZER, INC., individually and as** ) | |
| **successor in interest to PARKE-** ) | |
| **DAVIS and WARNER LAMBERT** ) | |
| **COMPANY, FICTITIOUS** ) | |
| **DEFENDANTS A-G, being those** ) | |
| **persons or entities responsible for** ) | |
| **the injuries claimed by the Plaintiff,** ) | |
| **the identities of which are unknown** ) | |
| **at the present time, but will be added** ) | |
| **by amendment when duly** ) | |
| **ascertained,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

The court has examined the complaint in this action and finds that this action,

brought by eleven separate plaintiffs, is, in actuality, eleven cases.

This action was brought in federal court based on diversity of citizenship. (Complaint, par. 14)   The Plaintiffs allege Defendants engaged in an "illegal marketing scheme designed to push and promote 'off-label' uses of the prescription drug Neurotin." (Complaint, par. 16)   Plaintiffs further allege that their various physicians, and they themselves, were "duped ... into believing that prescribing and taking Neurontin for the off-label uses that Defendants promoted was appropriate ...." (Id., par. 20) The Plaintiffs allege that different doctors (there is no overlap alleged between any doctor and more than one Plaintiff) prescribed Neurontin for different conditions (there is some overlap among some of the Plaintiffs as to the alleged medical conditions which prompted the prescription).  As to all of the Plaintiffs, it is alleged that, "while ingesting Neurontin," the Plaintiffs either attempted or committed suicide.

Plaintiffs bring nine state law claims.  Count One is brought under the Alabama Extended Manufacturer's Liability Doctrine, Count Two is for Failure to Warn, Count Three is for Breach of Implied warranty, Count Four is for Breach of Express Warranty, Count Five is for Unjust Enrichment, Count Six is for Negligence, Count Seven is for Fraud and Misrepresentation, Count Eight is for Negligent and Reckless Misrepresentation, and Count Nine is for Conspiracy to Defraud and Fraudulently Conceal.  They allege that "Any applicable statutes of limitation have been tolled by

Defendants' affirmative acts of deliberate and fraudulent concealment" (Id., par 121) and that "Plaintiffs could not reasonably have discovered Defendants' wrongful conduct ...." (Id., par. 122).

Parties may properly join together to bring a single action if their claims arise out of "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). "Transaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *A.M. Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000)(citations omitted)(looking to Fed R. Civ. P. 13(a), governing compulsory counterclaims, in determining what constitutes a transaction or  occurrence for the purposes of Rule 20(a)).  Here, the Plaintiffs' claims depend upon proof of facts that, although alleged to be parallel, are not logically related.  The Plaintiffs allege that different doctors prescribed Neurontin to each of them for off-label use to treat different conditions at different times and that they were all harmed. Although they aver that all the Defendants conspired to "dupe" them and their physicians, that mere allegation is not enough to create a common transaction or occurrence out of these diverse factual situations.

The prosecution of all the Plaintiffs' claims in one single action would most likely prejudice the Defendants, and would result in undue delay in preparation of the

claims for trial.  Furthermore, trial of these claims together would cause unnecessary jury confusion.  Moreover, interests of judicial economy are not served by trying these cases together, since the court must deal with factually specific issues of causation, reliance, and damages for each plaintiff[1].  From the court's perspective, the claims can be better managed in separate cases.  The court will consider motions to consolidate for discovery or other purposes if the parties believe their work will be facilitated by such means.

Having concluded that the claims of the eleven plaintiffs are misjoined in that they do not arise out of "the same transaction, occurrence, or series of transactions or occurrences," the court, on its own initiative, will sever the claims pursuant to Fed. R. Civ. P. 21 as follows:

1.      The claim of Shelia Agee will proceed in this action, numbered CV-06-HS-0926-S.

2.      The Clerk is **INSTRUCTED** to open a new case for each of the following plaintiffs: Meicki Baker, Charles Brown, Troy Chappell as Administrator of the Estate of Glenda Sue Chappell, Leisa Eaddy, Odessa Grissom, Marsha Holloway, Pauline Huff as Administrator of the Estate of Rickie Huff, Jacqueline Poole, Joyce Reach, and Jessica Whitten.

---

[1]   The court notes that, in their Answer, the Defendants assert, inter alia, the Learned Intermediary Doctrine.

If Plaintiffs Baker, Brown, Chappell, Eaddy, Grissom, Holloway, Huff, Poole, Reach, and Whitten do not pay their required filing fee within twenty (20) days, their actions will be dismissed for want of prosecution.

The newly created cases will be assigned to judges by the random selection process as in any other newly filed case.

**DONE**, this 7th day of June, 2006.

VIRGINIA EMERSON HOPKINS
United States District Judge